## IN MONTGOMERY COUNTY CIRCUIT COURT, MARYLAND
### Civil Division

| | |
|---|---|
| **BRIAN D. KAIDER** *24230 Kings Valley Rd. Damascus, MD 20872* | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. *406072-V* |
| | ) |
| **MONITRONICS INTERNATIONAL, INC.** | ) |
| **SERVE:** | ) |
| **THE CORPORATION TRUST INCORPORATED** | ) |
| **351 WEST CAMDEN STREET** | ) |
| **BALTIMORE, MD 21201** | ) |
| *2350 Valley View Lane, #100 Dallas, TX 75234-5754* | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Brian D. Kaider, for his complaint against Monitronics International, Inc., alleges as follows:

## THE PARTIES

1. Plaintiff Brian D. Kaider is a natural person and citizen of the State of Maryland.

2. Upon information and belief, Defendant Monitronics International, Inc. ("Monitronics" or "Defendant") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 2350 Valley View Lane, Dallas, Texas, 75234-5736. Monitronics is registered to do business in the State of Maryland.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under *Md. Code, Commercial Law Art., §14-3201*, as the action arises under the Telephone Consumer Protection Act, *47 U.S.C. §227*.

4.  This Court has personal jurisdiction over Monitronics under *Md. Courts Jud. Pro. Code Ann. §6-103(b)*, because Defendant(s) directly, or through an agent, regularly transacts business and/or performs service in the State, contracts to supply services in the state, and the events giving rise to this action occurred within the State.

5.  Venue is proper in this Court under *Md. Courts Jud. Pro. Code Ann. §6-201*, because Monitronics carries on a regular business within Montgomery County. and/or *§6-202(3)*, because Monitronics has no principal place of business within the State of Maryland and Plaintiff resides within Montgomery County.

## FACTUAL BACKGROUND

6.  Monitronics is the nation's second-largest home security alarm monitoring company, providing services to nearly 1.1 million residential and commercial customers as of March 31, 2015.

7.  Monitronics reported a net revenue of $138.4 million for the three months ending March 31, 2015.

8.  According to its website, www.monitronics.com/locations/md, Monitronics maintains a network of authorized dealers within the State of Maryland.

2

## FACTUAL ALLEGATIONS

9.    On May 13, 2015 at 2:56 pm EST, Plaintiff received a phone call on his home telephone from a caller identified on the phone's Caller ID as "Talent OR."

10.   Plaintiff answered the phone and there was an approximately two-second delay before the connection went live, suggesting that the call was initiated by an autodialer.

11.   An automated voice then indicated that the call was related to a free upgrade to Plaintiff's home security system.

12.   The automated voice asked several questions and responded to Plaintiff's answers with additional automated voice prompts and eventually transferred the call to a live agent.

13.   The agent identified himself to Plaintiff as "Joseph Kenney" and provided Plaintiff with a direct dial phone number of 1-888-336-9616, Extension 073.

14.   Mr. Kenney indicated that he could arrange for a local technician to install a security system at no cost to Plaintiff and that system would then be monitored by a company called Monitronics, based out of Dallas/Fort Worth, Texas.  Mr. Kenney provided a website for Monitronics, www.monitronics.com.

15.   According to Mr. Kenney, he was authorized by Monitronics to sell its services.

16.   The call received by Plaintiff on May 13, 2015 was made by, or on behalf of, Monitronics through one or more of its agents, affiliates, or subsidiaries.

17.   Plaintiff's home telephone number has been registered on the National Do Not Call Registry since May 14, 2014, nearly one year prior to the phone call at issue.

18.   Plaintiff had no business relationship with Monitronics or any other person related to Monitronics prior to the telephone call on May 13, 2015 and had not given Monitronics or any of its agents or affiliates prior written consent to contact Plaintiff.

## CLAIMS ALLEGED

19.   The phone call received by Plaintiff on May 13, 2015 was made in violation of the Telephone Consumer Protection Act (TCPA), *47 U.S.C. §227* as implemented by *47 C.F.R. §64.1200* and the Maryland Telephone Consumer Protection Act, *Md. Code, Commercial Law Art., §14-3201.*

20.   Pursuant to *Md. Code, Commercial Law Art., §14-3202(c)*, each prohibited telephone solicitation and each prohibited practice during a telephone solicitation is a separate violation.

### Count 1
### Violation of *47 C.F.R. §64.1200(a)(3)(ii)*

21.   Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

22.   The telephone call received by Plaintiff on May 13, 2015 was made for commercial purposes as it was intended to offer free installation of a security

system in exchange for a contract for monitoring services to be performed by Monitronics.

23. Neither Monitronics, nor any of its agents, affiliates, or subsidiaries had prior express written consent to contact Plaintiff through his home telephone number or by any other means.

24. As provided in *47 C.F.R. §64.1200(a)(3)(ii)*, "No person or entity may initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call…is not made for a commercial purpose."

25. As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under *Section 227(b)(3)*, is entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater.

26. Further, Plaintiff is entitled to an injunction preventing future telephone calls from, or on behalf of, Monitronics in violation of the TCPA.

27. Defendant's conduct was willful and knowing in that Defendant used auto-dialing computer recordings to attempt to reach Plaintiff who had been on the national Do Not Call list for nearly one year.  Thus, the Court may, under *Section 227(b)(3)(C)*, treble the amount of statutory damages recoverable by Plaintiff.

28. Pursuant to *Md. Code, Commercial Law Art., §14-3202(b)*, Plaintiff is entitled to an award of costs and reasonable attorney's fees.

**Count 2**
**Violation of *47 C.F.R. §64.1200(b)(1)***

29.   Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

30.   The pre-recorded or automated voice at the beginning of the phone call received by Plaintiff of May 13, 2015 did not identify the name of the company making the call.

31.   As provided in *47 C.F.R. §64.1200(b)*, "All artificial or prerecorded voice telephone messages shall: (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.  If a business in responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

32.   As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under *Section 227(b)(3)*, is entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater.

33.   Further, Plaintiff is entitled to an injunction preventing future telephone calls from, or on behalf of, Monitronics in violation of the TCPA.

34.   Defendant's conduct was willful and knowing in that Defendant used auto-dialing computer recordings to attempt to reach Plaintiff who had been on the national Do Not Call list for nearly one year.  Thus, the Court may, under

*Section 227(b)(3)(C)*, treble the amount of statutory damages recoverable by Plaintiff.

### Count 3
### Violation of *47 C.F.R. §64.1200(b)(2)*

35.   Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

36.   At no point during the call received by Plaintiff on May 13, 2015 did either the pre-recorded/automated voice or the live agent provide a telephone number for making a do-not-call request.

37.   As provided in *47 C.F.R. §64.1200(b)*, "All artificial or prerecorded voice telephone messages shall:... (2) During or after the message, state clearly the telephone number...of such business... For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign."

38.   As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under *Section 227(b)(3)*, is entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater.

39.   Further, Plaintiff is entitled to an injunction preventing future telephone calls from, or on behalf of, Monitronics in violation of the TCPA.

40. Defendant's conduct was willful and knowing in that Defendant used auto-dialing computer recordings to attempt to reach Plaintiff who had been on the national Do Not Call list for nearly one year. Thus, the Court may, under *Section 227(b)(3)(C)*, treble the amount of statutory damages recoverable by Plaintiff.

## Count 4
### Violation of *47 C.F.R. §64.1200(b)(3)*

41. Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

42. The automated/pre-recorded voice in the call received by Plaintiff on May 13, 2015 introduced an advertisement and/or constituted telemarketing, as it was designed to offer free installation of a security system in exchange for a paid contract to monitor that system.

43. The automated/pre-recorded voice did not provide an automated, interactive voice and/or key press-activated op-out mechanism for the Plaintiff to make a do-not-call request.

44. As provided in *47 C.F.R. §64.1200(b)*, "All artificial or prerecorded voice telephone messages shall:... (3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line...provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including

8

brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section."

45.  As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under *Section 227(b)(3)*, is entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater.

46.  Further, Plaintiff is entitled to an injunction preventing future telephone calls from, or on behalf of, Monitronics in violation of the TCPA.

47.  Defendant's conduct was willful and knowing in that Defendant used auto-dialing computer recordings to attempt to reach Plaintiff who had been on the national Do Not Call list for nearly one year.  Thus, the Court may, under *Section 227(b)(3)(C)*, treble the amount of statutory damages recoverable by Plaintiff.

## Count 5
### Violation of *47 C.F.R. §64.1200(c)(2)*

48.  Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

49.  Plaintiff's home phone number has been registered on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government since May 14, 2014.

50.   As provided in 47 C.F.R. §64.1200(c)(2), "No person or entity shall initiate any telephone solicitation to: ...A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

51.   As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages and, under *Section 227(b)(3)*, is entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater.

52.   Further, Plaintiff is entitled to an injunction preventing future telephone calls from, or on behalf of, Monitronics in violation of the TCPA.

53.   Defendant's conduct was willful and knowing in that Defendant used auto-dialing computer recordings to attempt to reach Plaintiff who had been on the national Do Not Call list for nearly one year.  Thus, the Court may, under *Section 227(b)(3)(C)*, treble the amount of statutory damages recoverable by Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brian D. Kaider requests that the Court enter an Order as follows:

A.   Awarding actual and statutory damages of at least $7,500.00, which includes the statutory minimum of $500 per violation in Counts I-V, trebled pursuant to Section 227(b)(3)(c);

10

B.    Awarding an Injunction requiring Defendant to cease all unsolicited telephone

calling activities to Plaintiff either directly or on its behalf;

C.    Awarding all reasonable attorney's fees and costs; and

D.    Such other and further relief that the court deems reasonable and just.

Dated:  June 26, 2015                    Respectfully submitted,

                               By:    _____
                                      Brian D. Kaider, Esq.
                                      24230 Kings Valley Road
                                      Damascus, MD  20872
                                      Phone:  240-308-8032
                                      Email:  bkaider@kaiderlaw.com

BRIAN D. KAIDER
bkaider@kaiderlaw.com
LAW OFFICES OF BRIAN D. KAIDER, LLC
24230 Kings Valley Road
Damascus, MD  20872
(240) 308-8032